# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

August 28, 2018

Ge Qu, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rqu@hanglaw.com

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    **Ma et al v. Peng's Body Work, Inc. et al**
              Case No. 1:17-cv-01787-PGG
              *Letter Motion for Settlement Approval*

Dear Judge Gardephe:

    Plaintiffs Xiang Ren Ma and Guobin Cui ("Plaintiffs") and Defendant Peng's Body Work, Inc. d/b/a Taiji Body Work ("Defendant") respectfully request that the Court approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

## Settlement Amount

    Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff Xiang Ren Ma for, *inter alia*, alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

    Plaintiff Xiang Ren Ma alleged that he was formerly employed as a masseuse at Defendants' massage parlor from June 12, 2016 to January 12, 2017. Guobin Cui, the opt-in plaintiff, alleges that he worked from October 2014 to February 27, 2016. Both of them allege that Defendants maintained an unlawful payroll practice of failing to pay their employees at least the applicable minimum wages or overtime premiums as well as "spread of hours" wages for any workday that lasts more than 10 hours.  Plaintiffs further alleges that he was not provided with wage notices and accurate paystubs pursuant to NY Wage Theft Prevention Act.

    Were Plaintiffs to prevail on all of their claims, including minimum wage and overtime premiums, including one-time liquidated damages but exclusive of attorney's fees and costs, would

total approximately $117,322.80. Plaintiffs are confident that they will be able to prove his allegations through witness testimonies and documentary evidence.

On the other hand, Defendants deny all of Plaintiffs' allegations in their Answer. Defendants maintain that Plaintiffs were properly paid for all hours worked and Defendants dispute the number of weeks and hours worked as claimed by Plaintiffs. Defendants contends that Plaintiffs as well as other similarly situated employees were part-time workers who chose their own hours and shifts; and that they hold multiple jobs simultaneously. Hence, Defendants maintained at Plaintiffs couldn't have possibly worked the hours they claimed.

If Defendants were to prevail on all of their defenses, the amount of unpaid wages owed to Plaintiff would be significantly reduced. Magistrate Judge Debra C. Freeman, during a settlement conference held before her honor on November 14, 2017, recommended $35,000 as a fair and reasonable settlement to the parties, after extensive negotiations between the parties.

The gross settlement amount is $41,750.00, inclusive of Plaintiffs' counsel's attorneys' fees and costs of $14,350.00 and settlement payment to Plaintiffs of $27,400.00. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys, including attendance of a judicial settlement conference before Magistrate Judge Freeman, and the parties agree that the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiffs' claims and the risks attendant with continuing the litigation.

Moreover, Plaintiffs were incentivized to settle because Defendants are willing to pay the settlement in 15 equal installments within 30 days after the Court's approval of this settlement agreement. Should Plaintiffs insist on further litigating this matter, the value of their damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Plaintiffs ensure that they will get much of what they could potentially recover within a reasonable time period, and they do so without having to wait through months of likely fruitless motion practice, then having to face the possibility that their claims may be undermined at trial.

## FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiffs suggest that they weigh strongly in favor of settlement approval.

In light of the uncertainties associated with establishing liability, as well as Plaintiffs' desire to avoid future legal proceedings, the settlement amount reached here is reasonable. *Cf. Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation). In the present case, the settlement amount represents approximately 36% of the total amount sought by Plaintiffs. Therefore, the settlement amount constitutes a fair and reasonable compromise, considering Plaintiffs' range of recovery ranges from $117,322.80 to zero.

The settlement will also enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. Were they insist on litigating this matter, the parties expect substantial expenses in discovery as Plaintiffs plan to move for collective certification and multiple depositions are yet to take place. Plaintiffs face particular risks at trial that defendants may successfully dispute their employee status under FLSA.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for both parties are experienced litigators who focus their practices primarily on employment law issues. Plaintiffs exchanged multiple demands and offers of settlement with Defendants before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiffs thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that

Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $750.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $21,750.00 as attorneys' fees, which is $7,250.00. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

All of time billed was reasonably necessary to secure the results we have achieved for our client thus far. We will make the billing records available for in-camera review should the Court request them. Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour is reasonable. The associates' hourly rate is $300 per hour for junior associates and $350 per hours for senior associates. Hang & Associates spent approximately 35.2 hours on this matter, and had it been billing hourly, it would have incurred $11,740.00 in fees and significant costs for depositions of the parties and witnesses. Hang & Associates is only receiving $13,700.00 in this settlement agreement. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

Counsel for Plaintiff and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

4

5

        Respectfully submitted,

        */s/  Ge Qu*
        Ge Qu, Esq.